UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMON HARRIS, JR., ET AL.,**<br><br>　　　　　　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>**ST. JOHN THE BAPTIST PARISH SCHOOL BOARD, ET AL.,**<br><br>　　　　　　　　　　　　　　*Defendants*. | CIVIL ACTION NO.:<br>13,212  SECTION A<br><br>CONSOLIDATED WITH<br><br>CIVIL ACTION NO.:<br>90-cv-01669 SECTION A<br><br>HON. JAY C. ZAINEY |

**TO:** St. John the Baptist Parish School Board
　　　c/o Hammonds, Sills, Adkins & Guice, LLP
　　　2431 South Acadian Thruway, Suite 600
　　　Baton Rouge, LA 70808

**PLAINTIFFS' INTERRROGATORIES,
REQUESTS FOR PRODUCTION OF DOCUMENTS,
AND REQUESTS FOR INSPECTION TO
<u>DEFENDANT ST. JOHN THE BAPTIST PARISH SCHOOL BOARD</u>**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 33 and 34.1 of the Eastern District of Louisiana, Plaintiffs hereby serve their Interrogatories, Requests for Production of Documents, and Requests for Inspection on Defendant, St. John the Baptist Parish School Board ("Defendant"). Defendant's responses to the below discovery requests and Defendant's production of responsive documents are required no later than **July 22, 2024** to counsel for Plaintiffs, the NAACP Legal Defense and Educational Fund, Inc., via email to Victor Jones vjones@naacpldf.org, Victor Genecin vgenecin@naacpldf.org, and Beth Caldwell bcaldwell@naacpldf.org.

**I.
<u>DEFINITIONS AND INSTRUCTIONS</u>**

　　　A. **DEFINITIONS:**

1. As used herein, the following terms have the meanings set forth below:

　　a) "**You** and **your**" mean Defendant Saint John the Baptist Parish School Board and its current and former members, employees, agents, attorneys and consultants.

　　b) **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

　　c) **Document**. The term "document" is defined to be synonymous in meaning and

EXHIBIT 3　　　　　　　　　　　　　　　　　　　　　　-1-

equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

d) **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

e) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

f) **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

g) **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

h) **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

i) **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

j) **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

k) **Number**. The use of the singular form of any word includes the plural and vice versa.

2. "**The Orders**" means and refers each and all of the following:

a) That certain June 21, 1965 Order of the District Court in *Harris v. St. John the Baptist Parish School Board;*
b) That certain November 4, 1965 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*;
c) That certain December 29, 1966 Fifth Circuit Order in *United States v. Jefferson Cnty. Bd. of Educ.*, 372 F.2d 836 (5th Cir. 1966), *aff'd on reh'g*, 380 F.2d 385 (5th Cir. 1967);
d) That certain July 7, 1967 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*;
e) That certain July 18, 1969 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*, annexed as Ex. 2 to Pl.'s Mot. for Further Relief dated June 12, 2024 (Doc. 220-3);
f) That certain December 1, 1969 Fifth Circuit Order in *Singleton v. Jackson Mun. Separate Sch. Dist.,* 419 F.2d 1211, 1218 (5th Cir. 1969), *rev'd on other grounds sub nom. Carter v. W. Feliciana Par. Sch. Bd.*, 396 U.S. 290 (1970); and,
g) That certain November 20, 1992 Consent Order entered by the District Court in

*Harris v. St. John the Baptist Parish School Board*, *see* Doc. 53 and annexed as Ex. 3 to Pl.'s Mot. for Further Relief dated June 12, 2024 (Doc. 220-4).

3. "**The Board**" means and refers to Defendant Saint John the Baptist Parish School Board, its current and former members, collectively and individually, and any Board Representative.

4. "**Board Representative**" means and refers to any current or former representative, agent, employee, faculty member (including a teachers or substitute teacher), administrator, staff member, and any individual or entity who acts, has acted, purports to act, or has purported to act, on behalf of the Board.

B. **INSTRUCTIONS:**

1. Answer each Interrogatory as completely as possible. If you continue to object to any part of an Interrogatory after conferring with Plaintiff's counsel as set forth above, specify the part of the Interrogatory to which you object, and answer the remainder.

2. Group and label the documents you produce to correspond to the categories in this request.

3. If there are documents not currently in your possession, but that you can obtain from other persons, such additional documents are included in this request.

4. If your response to any request is that responsive documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

5. If your response to any request is that responsive documents are not in your control, identify who has control and the location of the documents, and provide any documents you have that contain all or part of the information contained in the requested document or category.

6. If any requested document was, but no longer is, in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide:

    a. Its date;
    b. The identity of the person(s) who prepared the document;
    c. The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;
    d. The length of the document;
    e. The subject matter of the document;
    f. If misplaced, the last time and place it was seen and a description of efforts made to locate the document;
    g. If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

7. If you decline to produce any document in whole or in part because of a claim of privilege:

    a. Identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the communication or information, all persons that prepared or sent it, and all recipients or addressees;

3

      b. Identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;
      c. Name the privilege that is claimed; and,
      d. Set forth the basis for the claim of privilege.

8. Produce electronically stored information ("ESI") in native format, with metadata intact.

9. Contact the undersigned, with copies to all Plaintiffs' counsel named herein, as soon as you conclude that any Request for Production set forth herein is ambiguous or unduly burdensome, or you confront any technical problem with extraction or production of communications or information, or you have any question about any aspect of this Request, and we will work with you to resolve the issue.

### C. SANCTIONS:

Failure to comply with any part of this discovery request may be subject to the sanctions provided by the Federal Rules of Civil Procedure.

### D. SUPPLEMENTATION OF RESPONSES:

These Interrogatories and Requests for Production are to be deemed continuing, requiring supplemental responses and productions in the event any responsive document is discovered, acquired by, or becomes known to you, after the date of your initial production.

### E. VERIFICATION:

Your answers to Interrogatories must be accompanied by a Verification signed by each person who provided an answer, stating that each such answer is true and correct, and is made under oath. Failure to attach said Verification will necessitate the preparation and filing of a Motion to Compel, together with a request for sanctions.

## II.
## INTERROGATORIES

**INTERROGATORY No. 1:**

Identify each person who has knowledge concerning any decision or action proposed to, proposed by, or taken by, the Board to comply with the Orders.

**INTERROGATORY No. 2:**

Identify each person responsible for maintaining records of the actions taken by the Board to comply with the Orders from the entry of the first Order to the present.

**INTERROGATORY No. 3:**

Identify each person whom the Board intends to call as a witness at the hearing directed by the Court in this case.

# III.
# REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce copies of the videotapes or video links made by the Board of the Board Workshops conducted on:

   (a) February 29, 2024; and,

   (b) April 25, 2024.

2. Produce a copy of the entirety of the redistricting proposal presented by the Board at the public meetings held on January 30, January 31, and February 1, 2024.

3. Produce the geocoded file of school year 2023-24 student addresses.

4. Produce in an Excel spreadsheet, the current student enrollment data by: (1) student identification number; (2) the student's home address; (3) the student's grade; (4) the school the student attends; and (5) the race of the student.

5. Produce the Board's most recent capacity and occupancy data for each school's facility operated by the Board including any alternative school programs and the St. John STEM Program.

6. Produce each copy of any of the Orders that was provided at any time to the Board, together with documents sufficient to disclose the date or dates on which such copy was provided to and considered by the Board.

7. Produce all documents concerning any decision or action proposed to, proposed by, or taken by, the Board to comply with the Orders.

8. Produce documents sufficient to show:

   (a) The budgetary impact anticipated by the Board during school year 2024-25 from closure of Fifth Ward Elementary School; and,

   (b) The budgetary impact anticipated by the Board during the first year of district-wide re-zoning.

9. Produce each document or communication in the possession, custody or control of the Board from 1968 to the present concerning:

   (a) Health risks presented by exposure to chloroprene;

5

  (b) Any risk or danger to nearby schools posed by the plant formerly operated by DuPont and currently operated by Denka; and

  (c) The indoor and outdoor air quality of Fifth Ward Elementary

10. Produce each document or communication in the possession, custody or control of the Board that sets forth, describes, reports on, or concerns the level of chloroprene detected by monitors at:

  (a) Any school operated by the Board; or,

  (b) Any other location.

11. Produce documents sufficient to disclose the history of each of the sites on which Fifth Ward Elementary School, East St. John Preparatory Academy, and LaPlace Elementary School is located with regard to:

  (a) Whether, and, if so, for what period of time, and in what way, a facility on each site was *de jure* segregated;

  (b) All efforts made by the Board from 1963 to the present to eliminate vestiges of the dual system at each site where a *de jure* segregated school existed;

  (c) The racial composition of each school located on each site, annually, from 1963 to the present;

  (d) The history, cost, and description of each of the facilities located on each site from 1963 to the present;

  (e) All factors considered by the Board in choosing to build each of the present schools on its present site.

12. Produce documents sufficient to disclose each occasion since January 1, 2015 on which students in an elementary school operated by the Board were temporarily relocated from that school facility to another school facility, and:

  (a) The reason for such relocation;

  (b) The start and end dates of the relocation;

  (c) The racial and ethnic composition of the group of students thus relocated; and,

  (d) The transportation arrangements that were made to accommodate such relocation, including:

   (i) The average time in transit from each bus stop spent by students before the relocation to reach the school from which they were relocated; and,

   (ii) The average time in transit from each bus stop spent by students during the relocation to reach the school to which they were relocated.

13. Produce all documents the Board intends to introduce as exhibits at the hearing on this matter.

## IV.
## REQUESTS FOR INSPECTION

**REQUEST FOR INSPECTION No. 1:**

Plaintiffs request to inspect the indoor and outdoor facilities, equipment, and grounds of Fifth Ward Elementary School located in St. John the Baptist Parish, Louisiana on: (i.) either July 29, July 30, or July 31, 2024, and (ii.) the same date as the schools that are the subject of Plaintiffs' Request for Inspection Nos. 2 and 3.

**REQUEST FOR INSPECTION No. 2:**

Plaintiffs request to inspect the indoor and outdoor facilities, equipment, and grounds of East St. John Preparatory Academy located in St. John the Baptist Parish, Louisiana on: (i.) either July 29, July 30, or July 31, 2024, and (ii.) the same date as the schools that are the subject of Plaintiffs' Request for Inspection Nos. 1 and 3.

**REQUEST FOR INSPECTION No. 3:**

Plaintiffs request to inspect the indoor and outdoor facilities, equipment, and grounds of La Place Elementary School located in St. John the Baptist Parish, Louisiana on: (i.) either July 29, July 30, or July 31, 2024, and (ii.) the same date as the schools that are the subject of Plaintiffs' Request for Inspection Nos. 1 and 2.

Dated: June 20, 2024

                                        Respectfully submitted,

*/s/ Victor M. Jones*
Victor M. Jones (La. Bar No. 34937)
*Victor Genecin
*Elizabeth Caldwell
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street,
5th Floor
New York, NY 10006
Phone: (212) 985-2200
Fax: (212) 226-7592
vjones@naacpldf.org,
vgenecin@naacpldf.org
bcaldwell@naacpldf.org

*\*Admitted Pro Hac Vice*

*/s/ Gideon T. Carter, III.*
Gideon T. Carter, III. (La. Bar No. 14136)
P.O. Box 80264
4962 Florida Blvd
FL4
Baton Rouge, LA 70806
Ph: (225) 214-1546
Fax: (225) 341-8874
Gideontcarter3d@gmail.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMON HARRIS, JR., ET AL.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**ST. JOHN THE BAPTIST PARISH SCHOOL BOARD, ET AL.,**<br><br>*Defendants.* | CIVIL ACTION NO.:<br>13,212  SECTION A<br><br>CONSOLIDATED WITH<br><br>CIVIL ACTION NO.:<br>90-cv-01669 SECTION A<br><br>HON. JAY C. ZAINEY |

**TO:** St. John the Baptist Parish School Board
c/o Hammonds, Sills, Adkins & Guice, LLP
2431 South Acadian Thruway, Suite 600
Baton Rouge, LA 70808

### PLAINTIFFS' 2nd SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ST. JOHN THE BAPTIST PARISH SCHOOL BOARD

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 33 and 34.1 of the Eastern District of Louisiana, Plaintiffs hereby serve their Interrogatories, Requests for Production of Documents, and Requests for Inspection on Defendant, St. John the Baptist Parish School Board ("Defendant"). Defendant's responses to the below discovery requests and Defendant's production of responsive documents are required no later than **August 1, 2024** to counsel for Plaintiffs, the NAACP Legal Defense and Educational Fund, Inc., via email to Victor Jones vjones@naacpldf.org, Victor Genecin vgenecin@naacpldf.org, and Beth Caldwell bcaldwell@naacpldf.org.

### I.
### DEFINITIONS AND INSTRUCTIONS

**A. DEFINITIONS:**

1. As used herein, the following terms have the meanings set forth below:

   a) "**You** and **your**" mean Defendant Saint John the Baptist Parish School Board and its current and former members, employees, agents, attorneys and consultants.

   b) **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   c) **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored

      information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

d) **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

e) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

f) **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

g) **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

h) **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

i) **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

j) **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

k) **Number**. The use of the singular form of any word includes the plural and vice versa.

2. "**The Orders**" means and refers each and all of the following:

a) That certain June 21, 1965 Order of the District Court in *Harris v. St. John the Baptist Parish School Board;*
b) That certain November 4, 1965 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*;
c) That certain December 29, 1966 Fifth Circuit Order in *United States v. Jefferson Cnty. Bd. of Educ.*, 372 F.2d 836 (5th Cir. 1966), *aff'd on reh'g*, 380 F.2d 385 (5th Cir. 1967);
d) That certain July 7, 1967 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*;
e) That certain July 18, 1969 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*, annexed as Ex. 2 to Pl.'s Mot. for Further Relief dated June 12, 2024 (Doc. 220-3);
f) That certain December 1, 1969 Fifth Circuit Order in *Singleton v. Jackson Mun. Separate Sch. Dist.,* 419 F.2d 1211, 1218 (5th Cir. 1969), *rev'd on other grounds sub nom. Carter v. W. Feliciana Par. Sch. Bd.*, 396 U.S. 290 (1970); and,
g) That certain November 20, 1992 Consent Order entered by the District Court in *Harris v. St. John the Baptist Parish School Board*, *see* Doc. 53 and annexed as

Ex. 3 to Pl.'s Mot. for Further Relief dated June 12, 2024 (Doc. 220-4).

3. "**The Board**" means and refers to Defendant Saint John the Baptist Parish School Board, its current and former members, collectively and individually, and any Board Representative.

4. "**Board Representative**" means and refers to any current or former representative, agent, employee, faculty member (including a teachers or substitute teacher), administrator, staff member, and any individual or entity who acts, has acted, purports to act, or has purported to act, on behalf of the Board.

### B. INSTRUCTIONS:

1. Answer each Interrogatory as completely as possible. If you continue to object to any part of an Interrogatory after conferring with Plaintiff's counsel as set forth above, specify the part of the Interrogatory to which you object, and answer the remainder.

2. Group and label the documents you produce to correspond to the categories in this request.

3. If there are documents not currently in your possession, but that you can obtain from other persons, such additional documents are included in this request.

4. If your response to any request is that responsive documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

5. If your response to any request is that responsive documents are not in your control, identify who has control and the location of the documents, and provide any documents you have that contain all or part of the information contained in the requested document or category.

6. If any requested document was, but no longer is, in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide:

    a. Its date;
    b. The identity of the person(s) who prepared the document;
    c. The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;
    d. The length of the document;
    e. The subject matter of the document;
    f. If misplaced, the last time and place it was seen and a description of efforts made to locate the document;
    g. If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

7. If you decline to produce any document in whole or in part because of a claim of privilege:

    a. Identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the communication or information, all persons that prepared or sent it, and all recipients or addressees;

  b. Identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;
  c. Name the privilege that is claimed; and,
  d. Set forth the basis for the claim of privilege.

8. Produce electronically stored information ("ESI") in native format, with metadata intact.

9. Contact the undersigned, with copies to all Plaintiffs' counsel named herein, as soon as you conclude that any Request for Production set forth herein is ambiguous or unduly burdensome, or you confront any technical problem with extraction or production of communications or information, or you have any question about any aspect of this Request, and we will work with you to resolve the issue.

**C. SANCTIONS:**

Failure to comply with any part of this discovery request may be subject to the sanctions provided by the Federal Rules of Civil Procedure.

**D. SUPPLEMENTATION OF RESPONSES:**

These Interrogatories and Requests for Production are to be deemed continuing, requiring supplemental responses and productions in the event any responsive document is discovered, acquired by, or becomes known to you, after the date of your initial production.

**E. VERIFICATION:**

Your answers to Interrogatories must be accompanied by a Verification signed by each person who provided an answer, stating that each such answer is true and correct, and is made under oath. Failure to attach said Verification will necessitate the preparation and filing of a Motion to Compel, together with a request for sanctions.

### III.
### REQUESTS FOR PRODUCTION OF DOCUMENTS

14. Produce copies of the videotapes or video links made by the Board, of the Board Meeting conducted on January 18, 2024, with the full audio available for such videotapes or video links.

Dated: July 2, 2024

              Respectfully submitted,

              */s/ Victor M. Jones*
              Victor M. Jones (La. Bar No. 34937)
              *Victor Genecin
              *Elizabeth Caldwell
              NAACP LEGAL DEFENSE AND
              EDUCATIONAL FUND, INC.
              40 Rector Street,
              5th Floor

New York, NY 10006
Phone: (212) 985-2200
Fax: (212) 226-7592
vjones@naacpldf.org,
vgenecin@naacpldf.org
bcaldwell@naacpldf.org

*Admitted Pro Hac Vice*

*/s/ Gideon T. Carter, III.*
Gideon T. Carter, III. (La. Bar No. 14136)
P.O. Box 80264
4962 Florida Blvd
FL4
Baton Rouge, LA 70806
Ph: (225) 214-1546
Fax: (225) 341-8874
Gideontcarter3d@gmail.com

*Counsel for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a copy of the foregoing document was served upon all Counsel of Record via electronic mail on this 2nd day of July, 2024.

                /s/ *Victor M. Jones*_____
                Victor M. Jones (La. Bar No. 34937)
                NAACP LEGAL DEFENSE AND
                EDUCATIONAL FUND, INC.
                40 Rector Street
                5th Floor
                New York, NY 10006
                Phone: (212) 985-2200
                Fax: (212) 226-7592
                vjones@naacpldf.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was served upon all Counsel of Record via electronic mail on this 20th day of June, 2024.

                                            */s/ Victor M. Jones*_____
                                            Victor M. Jones (La. Bar No. 34937)
                                            NAACP LEGAL DEFENSE AND
                                            EDUCATIONAL FUND, INC.
                                            40 Rector Street
                                            5th Floor
                                            New York, NY 10006
                                            Phone: (212) 985-2200
                                            Fax: (212) 226-7592
                                            vjones@naacpldf.org