UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMON HARRIS, JR., ET AL.,** *Plaintiffs*, v. **ST. JOHN THE BAPTIST PARISH SCHOOL BOARD, ET AL.,** *Defendants.* | CIVIL ACTION NO.: 13,212  SECTION A<br><br>CONSOLIDATED WITH<br><br>CIVIL ACTION NO.: 90-cv-01669 SECTION A<br><br>HON. JAY C. ZAINEY |

TO:   St. John the Baptist Parish School Board
      c/o Hammonds, Sills, Adkins & Guice, LLP
      2431 South Acadian Thruway, Suite 600
      Baton Rouge, LA 70808

**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FRCP 30(b)(6)**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of the St. John the Baptist Parish School Board, which shall designate one or more persons to testify on its behalf about matters set forth in the attached **Exhibit A**, including information in the possession, custody, and control of the Saint John the Baptist Parish School Board for the purposes of discovery or use as evidence in this action in accordance with Rule 26 of the Federal Rules of Civil Procedure.

The deposition will be conducted on August _____, 2024 at 10:00 a.m. CDT at 201 St. Charles Avenue, 25th Floor. New Orleans, Louisiana 70170, and will continue from day to day, or according to a schedule mutually agreed upon by the parties, until completed. Counsel reserves its rights to conduct this deposition remotely. The deposition will be recorded stenographically by a certified court reporter and may be recorded by video and audio by a certified videographer.

1

EXHIBIT 4

Dated: July 2, 2024

        Respectfully submitted:

        */s/ Victor M. Jones*
        Victor M. Jones (La. Bar No. 34937)
        *Victor Genecin
        *Elizabeth Caldwell
        NAACP LEGAL DEFENSE AND
        EDUCATIONAL FUND, INC.
        40 Rector Street, Floor 5
        New York, New York 10006
        Phone: (212) 985-2200
        Fax: (212) 226-7592
        vjones@naacpldf.org
        vgenecin@naacpldf.org
        bcaldwell@naacpldf.org

        *\*Admitted Pro Hac Vice*

        */s/ Gideon T. Carter, III.*
        Gideon T. Carter, III. (La. Bar No. 14136)
        P.O. Box 80264
        4962 Florida Blvd FL4
        Baton Rouge, LA 70806
        Ph: (225) 214-1546
        Fax: (225) 341-8874
        Gideontcarter3d@gmail.com

        *Counsel for Plaintiffs*

# EXHIBIT A

# DEFINITIONS

1. As used herein, the following terms have the meanings set forth below:

   a) "**You** and **your**" mean Defendant Saint John the Baptist Parish School Board and its current and former members, employees, agents, attorneys and consultants.

   b) **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   c) **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

   d) **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

   e) **Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

   f) **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

   g) **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

   h) **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

   i) **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

3

j) **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

k) **Number**. The use of the singular form of any word includes the plural and vice versa.

2. "**The Orders**" means and refers each and all of the following:

   a) That certain June 21, 1965 Order of the District Court in *Harris v. St. John the Baptist Parish School Board;*
   b) That certain November 4, 1965 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*;
   c) That certain December 29, 1966 Fifth Circuit Order in *United States v. Jefferson Cnty. Bd. of Educ.*, 372 F.2d 836 (5th Cir. 1966), *aff'd on reh'g*, 380 F.2d 385 (5th Cir. 1967);
   d) That certain July 7, 1967 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*;
   e) That certain July 18, 1969 Order of the District Court in *Harris v. St. John the Baptist Parish School Board*, annexed as Ex. 2 to Pl.'s Mot. for Further Relief dated June 12, 2024 (Doc. 220-3);
   f) That certain December 1, 1969 Fifth Circuit Order in *Singleton v. Jackson Mun. Separate Sch. Dist.,* 419 F.2d 1211, 1218 (5th Cir. 1969), *rev'd on other grounds sub nom. Carter v. W. Feliciana Par. Sch. Bd.*, 396 U.S. 290 (1970); and,
   g) That certain November 20, 1992 Consent Order entered by the District Court in *Harris v. St. John the Baptist Parish School Board*, *see* Doc. 53 and annexed as Ex. 3 to Pl.'s Mot. for Further Relief dated June 12, 2024 (Doc. 220-4).

3. "**The Board**" means and refers to Defendant Saint John the Baptist Parish School Board, the Board's current and former members, collectively and individually, and any Board Representative.

4. "**Board Representative**" means and refers to any current or former representative, agent, employee, faculty member (including a teachers or substitute teacher), administrator, staff member, and any individual or entity who acts, has acted, purports to act, or has purported to act, on behalf of the Board.

## TOPICS OF EXAMINATION

1. The authentication of each document:

   a. produced by the Board; or,

      b.      posted on the Board's website;

2. All actions taken by the Board or any Board Representative to comply with Plaintiffs' Interrogatories and Requests for Production of Documents dated _____.

3. The current facilities and capacities of each elementary school operated by the Board on the East Bank, including any alternative school programs operated by the Board and St. John STEM Program;

4. Each occasion from the entry of the first Order to the present on which the Board gave attention to the contents of any of the Orders.

5. Each occasion from the entry of the first Order to the present on which the Board gave attention to its Constitutional desegregation obligations.

6. Each decision or action proposed to, proposed by, or taken by, the Board to comply with the Orders from the entry of the first Order to the present.

7. The records of the actions taken by the Board to comply with the Orders from the entry of the first Order to the present.

8. Each occasion since January 1, 1968 on which the Board requested, received, discussed or considered any information, study, report, presentation, document or communication concerning:

    a. The health risks posed by exposure to chloroprene, or,

    b. Any risk or danger to the school facilities operated by the Board posed by the chloroprene manufacturing plant in Reserve, LA formerly operated by DuPont and currently operated by Denka; and

    c. The indoor and outdoor air quality of Fifth Ward Elementary.

9. Each report, document, or communication received by the Board concerning the level of chloroprene recorded by monitors at or near any school operated by the Board, and at any other site.

10. Each occasion since January 1, 2015 on which the students in an elementary school operated by the Board were relocated from that school facility to another school facility, including:

    a. The reason for such relocation;

    b. The start and end dates of the relocation;

5

      c. The racial and ethnic composition of the group of students thus relocated; and,

      d. The transportation arrangements that were made to accommodate such relocation, including:

          (1) The average time in transit from each bus stop spent by students before the relocation to reach the school from which they were relocated; and,

          (2) The average time in transit from each bus stop spent by students during the relocation to reach the school to which they were relocated.

11. The transportation arrangements that would be necessary so that all children currently attending Fifth Ward Elementary School could attend LaPlace Elementary School instead, including the times in transit currently spent from each bus stop to Fifth Ward Elementary and the estimated times in transit from each such bus stop to LaPlace Elementary, with the basis for all estimates.

12. The history of each of the sites on which Fifth Ward Elementary School, East St. John Preparatory Academy, and LaPlace Elementary School is located with regard to:

      a. Whether, and, if so, for what period of time, and in what way, a facility on each site was *de jure* segregated;

      b. All efforts made by the Board from 1963 to the present to eliminate vestiges of the dual system at each site where a *de jure* segregated school existed;

      c. The racial composition of each school located on each site, annually, from 1963 to the present;

      d. The history, cost, and description of each of the facilities located on each site from 1963 to the present;

      e. All factors considered by the Board in choosing to build each of the present schools on its present site.

13. All facts and reasons that would support an assertion by District that it has complied with The Orders and its affirmative desegregation obligations and eliminated the vestiges of its past de jure discrimination to the extent practicable with respect to facilities.

14. All other issues concerning facilities previously raised by the parties in their correspondence or pleadings.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was served upon all Counsel of Record via electronic mail on this 2nd day of July, 2024.

*/s/ Victor M. Jones*
Victor M. Jones (La. Bar No. 34937)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 985-2200
Fax: (212) 226-7592
vjones@naacpldf.org
