UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY R. DUHON, ET AL. | CIVIL ACTION |
| VERSUS | NO: 90-1669 |
| ANN T. TATJE, ET AL. | |
| | CONSOLIDATED WITH |
| HERMON HARRIS, JR., ET AL. | NO. 13,212 |
| VERSUS | |
| ST. JOHN THE BAPTIST PARISH SCHOOL BOARD | SECTION: "A" |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Vacate All Extant Orders and Enter Final Judgment of Dismissal (Rec. Doc. 271)** filed by the St. John the Baptist Parish School Board ("the Board"). The Louisiana State Conference of the NAACP ("LaNAACP") has filed an *amicus curiae* brief in opposition to the motion. The motion, submitted for consideration on October 29, 2025, is before the Court on the briefs without oral argument.[1]

---

[1] The Board opposed the LaNAACP's request to file a brief of *amicus curiae* in order to present arguments in opposition to the relief that the Board is seeking. The Court allowed the LaNAACP to file its brief because the Court was persuaded that it would be helpful to the Court in judging the merits of the Board's motion.
    The United States, as plaintiff-intervenor, has taken no position on the Motion to Vacate.

## I.

Over a half century ago, the Board maintained and operated a de jure biracial, segregated school system in which students and staff were assigned to schools on the basis of race. In 1963, Mr. Hermon Harris, Jr. and several co-plaintiffs filed a lawsuit in the Eastern District of Louisiana seeking relief against the Board to enjoin it from continuing to operate an unconstitutional biracial school system. (Rec. Doc. 13, Docket Master at 1). The Harris lawsuit was successful. On July 18, 1969, United States District Judge Fred J. Cassibry entered a desegregation order ("the 1969 Desegregation Order"). After the decision was affirmed and the case returned from the court of appeals, the manually-typed docket sheet indicates some minor perfunctory activity until the case was closed in 1972. (Docket Master at 7). To date, the original 1969 Desegregation Order and the various companion orders and decrees have not been vacated and remain in force.

In 1990 Kathy R. Duhon and several co-plaintiffs filed a new lawsuit against the Board raising claims that implicated the 1969 Desegregation Order from the Harris case. The claims in Duhon were resolved via a consent judgment entered on November 20, 1992, and the case was closed. (Rec. Doc. 53).

Nothing of a contested nature had occurred in the Harris/Duhon matters for decades until July of 2023, when the LDF on behalf of "Plaintiffs"[2] sought this Court's intervention to compel the Board to close the Fifth Ward Elementary School ("FWE") in

---

[2] "Plaintiffs" referred to the original plaintiffs (Hermon Harris, Jr., et al. ) from the Harris desegregation case that was filed in 1963—62 years ago. "Plaintiffs" did not include anyone who later sued in the separate Duhon case.
   The LDF is the NAACP Legal Defense and Educational Fund, Inc.

light of its physical proximity to the Denka Performance Elastomer plant. (Rec. Doc. 198, Status Report). Plaintiffs argued that by continuing to operate FWE, the Board was in violation of the 1969 Desegregation Order entered in resolving the Harris case, as well as other orders and decrees entered as part of the Harris litigation. Ultimately, the Board adopted a plan (the specifics of which the LDF opposed) to close the FWE school prior to the start of the 2025-26 school year. On May 5, 2025, the Court entered an order approving the Board's plan. (Rec. Doc. 256, Order and Reasons). That decision is now final.

## II.

Via its Motion to Vacate, the Board asks the Court to vacate all prior orders in this case because the Board is the only remaining party in the case and the claims brought by the Harris and Duhon plaintiffs have been moot for decades. The Board argues that the Court should apply equitable vacatur to relieve it of all injunctions in this case, or alternatively grant vacatur under Rule 60(b)(5).[3] The result would be that all of the extant desegregation orders that bind the Board would be dissolved, judicial supervision of the parish's school system would be terminated, and full control of the school system would be returned to the Board. In support of the relief sought the Board

---

[3] Federal Rule of Civil Procedure 60, Relief From a Judgment or Order, states in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> --the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. Pro. 60(b)(5).

cites heavily from the Court's discussions of standing and mootness—aspects of the Article III case or controversy requirement and therefore indispensable for subject matter jurisdiction—contained in the Court's numerous rulings issued in conjunction with the FWE controversy.

### III.

Prior to the Harris lawsuit, the Board operated a compulsory biracial school system. The Harris plaintiffs successfully challenged that unlawful system and obtained injunctive relief against the Board. That decades-old injunctive relief, *i.e.*, the various desegregation orders and decrees, remains in force today, and the St. John the Baptist Parish school system remains subject to judicial oversight. Because the parish's school system remains subject to judicial oversight, the Board must seek court approval to implement even minor changes to the school system. Whether such oversight remains necessary today is a legitimate question.

The unlawful school system that led to the relief awarded in Harris no longer exists. Yet some will argue that any current imperfections in the school system represent vestiges of the former unlawful system even though that system was dismantled decades ago. (Rec. Doc. 277, Brief of *Amicus Curiae* at 6). And at present, the parish is predominately black, it has a majority black school board, with a black superintendent, all black administrators, and all but one black school principal. Most parishes in our state must operate a public school system with limited resources (including staffing shortages) and the boards face the challenge of allocating those limited resources across the entire system for the benefit of the entire system. No school system is perfect. But given the significant amount of time that has passed since

the desegregation of the St. John the Baptist Parish school system, and given that the school system now has a majority black board and administration, the Court finds it rather implausible that any racial imbalances continue to represent vestiges of the former unconstitutional system. Yet the current Board continues to have its efforts hampered by orders entered to remedy unlawful actions that occurred long ago in the past.[4]

The old desegregation orders like those entered in Harris and Duhon were never intended to be in place permanently. Control of the St. John the Baptist Parish school system should be returned to the Board. While nothing of a disputed or contested nature had occurred in the Harris case for decades until the LDF's improper attempt to invoke the old desegregation order to close the FWE school due to environmental concerns over which the Board had no control, the Court is not persuaded that the Board's reliance on the doctrine of mootness is the correct approach. *See Smith v. School Bd. of Concordia Parish*, No. 65-11577, 2025 WL 3231631 (W.D. La. Nov. 19, 2025) (Drell, J.).

The Court notes that in *United States of America v. DeSoto Parish School Board*, Judge Maurice Hicks of the Western District of Louisiana recently granted a joint stipulation of dismissal in a desegregation lawsuit dating back to 1967. (CA 67-12589,

---

[4] The LDF's attempted use of the Harris desegregation order to close the FWE school in the manner that the LDF thought appropriate is a perfect example of the difficulty that an old desegregation order can cause a school board in present day. The LDF's efforts exposed very real procedural and jurisdictional problems with seeking to apply in the present an almost 60-year old desegregation order entered in response to a de jure system that was dismantled decades ago. Besides the procedural and jurisdictional problems, the Court continues to believe that the Board's operation of the FWE school, which was built on its current site with the concurrence of the Harris plaintiffs, did not implicate the 1969 Desegregation Order.

Rec. Doc. 143 Order dated 1/5/2026). Even though that motion was unopposed, the parties did recite for the judge's consideration the steps that the school system had taken to merit the relief sought. In 2024 the Department of Justice had toured all of the schools in the district and taken the time to interview the principals, assistant principals, central office administrators, and the superintendent, (CA 67-12589, Rec. Doc. 142 Joint Stipulation at 6), to ensure that there was in fact no case or controversy or remaining.

In sum, while the Court is not expressly agreeing or disagreeing with the position that the LaNAACP has taken in its *amicus curiae* brief regarding the showing that must be made for the Board to obtain the relief that it seeks, the Court is inclined to believe that the Board must do more than simply argue that the Harris plaintiffs' claims are moot because they obtained the relief that they sought when they filed suit in 1963.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate All Extant Orders and Enter Final Judgment of Dismissal (Rec. Doc. 271)** filed by the St. John the Baptist Parish School Board is **DENIED without prejudice**.

January 22, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE